**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kini M. Seawright, | No. CV 11-1304-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint. (Doc. 35). Defendants filed a Response to Plaintiff's Motion for Leave to File a Second Amended Complaint. (Doc. 43). There is no Reply. The Court now rules on the motion.

**I. BACKGROUND**

On July 2, 2010, Dana Seawright ("Dana"), an inmate at the Arizona State Prison Complex-Lewis ("ASPC-Lewis"), was moved from Housing Unit 2-F Run to Housing Unit 2-D Run. Plaintiff alleges that on the morning of July 3, 2010, Dana was "savagely beaten and left for dead" by fellow inmates less than 24 hours after arriving in Housing Unit 2-D. (Doc. 19 at 4). Plaintiff Kini M. Seawright ("Kini"), Dana's mother, alleges that Arizona Department of Corrections Officers ("COs") in the Stiner Unit of ASPC-Lewis had "clear, advanced warning" that Dana would receive a "beat down" on July 3, 2010 and purposely

left inmates "unchecked and unsupervised for at least thirty-four (34) minutes or more" on the morning of Dana's attack. *Id.* at 4.

Plaintiff also alleges that ADC CO II Edna Jackson-Bay ("Jackson-Bay") was informed by two inmates that "Dana was not asleep, that he tried to wake Dana up but Dana was not talking or moving." *Id.* at 6. At 7:28 A.M., Jackson-Bay "went to Dana's bed and found him lying face down" with "blood coming from all sides of Dana's body." *Id.* Other ASPC-Lewis staff responders similarly found Dana in a pool of blood with multiple stab wounds.

Plaintiff alleges that ASPC-Lewis personnel failed to request or administer any kind of emergency medical assistance for more than 10 minutes after discovering Dana as non-responsive in his cell. Dana was ultimately placed on a gurney for transport to complex medical and St. Joseph's Hospital in Phoenix via helicopter. Dana died on July 7, 2010 after being taken off of life support.

In response to Dana's death, Plaintiff filed an original Complaint on June 30, 2011. On September 1, 2011, Defendants filed a Motion to Dismiss, after which Plaintiff voluntarily amended and filed the First Amended Complaint on October 12, 2011. (Doc. 19). Subsequently, Plaintiff filed this Motion for Leave to File a Second Amended Complaint on March 16, 2012. (Doc. 35-1).

**II. LEGAL STANDARD**

Motions to amend pleadings to add claims or parties are governed by Federal Rule of Civil Procedure 15(a), which provides in pertinent part:

> A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Although the decision on whether to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall

- 2 -

be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

The liberal policy in favor of amendments, however, is subject to limitations. After the defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628 (9th Cir. 2002), quoting *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (citation and internal quotation marks omitted); *see also Foman*, 371 U.S. at 182 (holding that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment). "The party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

Regarding futility, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to

- 3 -

be futile or legally insufficient.") (citation omitted). Similarly, a motion for leave to amend is futile if it can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.

## III.  ANALYSIS

Here, Plaintiff's Motion for Leave to File a Second Amended Complaint was filed before the April 23, 2012 deadline set by this Court's Rule 16 Scheduling Order (Doc. 30). Plaintiff claims that the "purpose of filing the Second Amended Complaint is to supplement and flesh out the existing allegations of deliberate indifference regarding the supervisory responsibilities of Arizona Department of Corrections ("ADC") Charles Ryan" and that "none of the factors which would justify a denial of leave to amend under Rule 15(a) are present (undue delay, bad faith, dilatory motive or undue prejudice)." (Doc. 35 at 3). Defendants oppose the motion only on the grounds that the addition of six new defendants (ADC, William R. White, Vincent Hartley, Laura Chavez, and Nurse Scott) would be futile because each is subject to dismissal. Defendants do not object to amendments "adding or deleting allegations against current defendants." (Doc. 43 at 10).

While this Court has considerable discretion in deciding motions to amend, the Court will not allow Plaintiff to add ADC as a defendant because it would be futile. Rule 17(b) of the Federal Rules of Civil Procedure dictates that a non-corporate entity's ability to sue or be sued is determined "by the law of the state where the court is located." Fed.R.Civ.P. 17(b). Under Arizona law, Plaintiff cannot sue a non-jural entity. *See, e.g.*, *Kimball v. Shoftsall*, 494 P.2d 1357, 1359 (1972). This Court has further held that "[a] plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *Applegate v. Arizona*, CV-10-00047-PHX-JAT, 2010 WL 4574460 (D. Ariz. Nov. 5, 2010) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir.1991)). No Arizona state legislation provides the ADC with authority to sue or be sued. Since the ADC is a non-jural entity that is not authorized under Arizona law to sue or be sued, it is not

- 4 -

a proper party and is subject to dismissal. *See generally* AZ ST T. 41, Ch. 11, Art. 1, *et seq*. The Court will therefore deny the motion to amend to add ADC as a defendant.

Additionally, the Court finds that William R. White ("White"), warden of the ASOC-Lewis, cannot be sued under § 1983 in his personal or official capacity. In his official capacity as a state official and warden for the ASPC-Lewis, White does not constitute a person within the meaning of § 1983. *Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) ("Claims under § 1983 are limited by the scope of the Eleventh Amendment."); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("Suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *see also Cortez v. County of Los Angeles*, 294 F.3d 1186 (9th Cir. 2002). Moreover, White does not qualify for the "narrow, but well-established, exception to Eleventh Amendment immunity." *Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Under the *Ex parte Young* doctrine, a state official acting within his official capacity can qualify as a "person" under § 1983 if sued only for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 155 (1908). Since Plaintiff's Second Amended Complaint seeks to add White as a defendant as a state official while seeking damages only, the *Ex parte Young* exception does not apply and White cannot be added as a defendant in his official capacity.

The proposed Second Amended Complaint also fails to state a claim against White in his personal capacity. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Furthermore, Rule 8(a)(2) "requires a

- 5 -

'showing,' rather than a blanket assertion, of entitlement to relief. Rule 8's pleading standard demands more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. While courts must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the court must accept all well-pleaded factual allegations as true, courts do not have to accept as true a legal conclusion couched as a factual allegation. See *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

For a claim against White in his personal capacity to be successful under § 1983, Plaintiff must allege an "affirmative link" between White's misconduct or the "adoption of any plan or policy . . . otherwise showing [his] authorization or approval of such misconduct" and Dana's injury. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Broad generalizations or conclusions are inadequate to establish an inference of knowledge based on past conduct. *Starr v. Baca*, 652 F.3d 1202, 1221 (9th Cir. 2011). Plaintiff's proposed amendment fails to state, with adequate specificity, an affirmative link between Dana's injury and White's alleged conduct or approval of a particular plan or policy of misconduct. Plaintiff alleges that White "had in place, and had ratified, official policies, procedures, and longstanding customs and practices which permitted and encouraged their custodial COs . . . to unjustifiably, unreasonably and in violation of the Fourth and Eighth Amendments to permit the physical abuse and torture" of inmates in their custody. (Doc. 35-1 at 13). Because Plaintiff's proposed amendment does not contain any specific, factual allegations that White, through his personal actions, violated the Fourth and Eighth Amendments or had knowledge of and approved subordinate misconduct, the proposed amendment fails to state a claim and is subject to dismissal. The Court therefore will not allow Plaintiff to name White as a defendant in his personal capacity either.

The Court further finds that Plaintiff's proposed amendment lacks sufficient allegations to state § 1983 claims against ADC CO II Vincent Hartley ("Hartley"), ADC CO II Brady Harvey ("Harvey"), ADC CO II Laura Chavez ("Chavez"), and chief ASPC-Lewis

- 6 -

medical personnel on staff, Nurse Scott ("Scott"). Under the Supreme Court's two-part test for deliberate indifference to safety, "a constitutional violation occurs only where the deprivation alleged is, objectively, sufficiently serious, and the official has acted with deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 825-26 (1994) (internal citations and quotations omitted). For a prison official to fulfill the deliberately indifferent requirement, a "sufficiently culpable state of mind" must be present. *Id*. at 834. "Deliberate indifference describes a state of mind more blameworthy than negligence." *Id*. at 835, *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice.").

Here, Plaintiff fails to plead in the proposed Second Amended Complaint that Hartley, Harvey, Chavez, and Scott possessed "a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Without the requisite mental culpability, those proposed defendants cannot be added to Plaintiff's § 1983 claim of deliberate indifference to safety. Plaintiff also alleges that the proposed defendants engaged in deliberate indifference to Dana's health, safety and medical needs by: "[f]ailing to have any COs perform regular security checks in Housing Unit 2 on the morning of July 3, 2010; ADC medical staff failing to adequately assess the severity of Dana's injuries upon arriving at the scene; ADC medical staff failing to adequately assess that Dana had to be immediately transported to a Level 1 Trauma Center for treatment of a head trauma." (Doc. 35-1 at 13). The Court finds that these statements insufficiently allege that the proposed defendants acted with the mental culpability required to bring a § 1983 claim for deliberate indifference to safety. Taking the proposed alleged facts to be true and construing them in a light most favorable to Plaintiff, it is not enough that proposed defendants acted with negligence or even gross negligence. Because the proposed amendments do not plead a plausible § 1983 claim against Hartley, Harvey, Chavez, and Scott, they cannot be added as defendants.

Finally, while Plaintiff seeks to add the ADC, Ryan, and White as defendants to Count Three for negligence, "any and all causes of action which may arise out of tort caused by the

director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state." A.R.S. § 31-201.01(F); *Howland v. State*, 169 Ariz. 293, 297, 818 P.2d 1169, 1173 (Ct. App. 1991). The proposed defendants therefore are improper parties under Plaintiff's state-law negligence claim and cannot be added to Count Three in the Second Amended Complaint.

In sum, the Court finds that the Plaintiff's motion to amend to add the additional proposed defendants is futile. Therefore, Plaintiff's motion to amend to add the ADC, White, Hartley, Chavez, and Scott as defendants is denied. The Court will allow all other proposed amendments to Plaintiff's Second Amended Complaint, to the extent that they add or delete allegations against current defendants.

**IV. CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 35) is **GRANTED** in part and **DENIED** in part. The motion is granted to the limited extent outlined above and denied in all other respects. Plaintiff shall file the Second Amended Complaint within five days of the date of this Order.

DATED this 13th day of June, 2012.

James A. Teilborg
United States District Judge