**Dan M. Durrant #001763**
**DeeAn Gillespie #009987**
**GILLESPIE, SHIELDS & DURRANT**
7319 N. 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Facsimile:  (602) 870-9783
ddurrant@gillaw.com
ldittemore@gillaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kini M. Seawright,<br><br>                             Plaintiff,<br><br>vs.<br><br>State of Arizona, *et al.*,<br><br>                             Defendants. | **Case # CV 11-01304-PHX-JAT**<br><br>**PLAINTIFFS' REPLY TO RESPONSE TO RULE 60(B)(1) MOTION TO SET ASIDE DISCOVERY DEADLINE ORDER AND ORDER DISMISSING CHARLES L. RYAN FROM THE LAWSUIT** |

Plaintiffs Kini Seawright and the Estate of Dana Seawright ("Plaintiffs") by and through undersigned counsel, hereby reply to the Defendants' response to Plaintiffs' Rule 60(b)(1) Motion to set aside the discovery deadline and dismissal of Charles Ryan from this lawsuit.  Plaintiffs have provided sufficient and good cause for this court to order to re-open discovery for Plaintiffs to pursue necessary discovery and to obtain and disclose an expert and to set aside the dismissal of Charles Ryan from this lawsuit.

**I.     PLAINTIFFS' MOTION IS NOT A MOTION TO RECONSIDER PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE AND IS NOT BOUND BY THE TIME CONSTRAINTS OF THOSE RULES.  AS LONG AS THIS COURT RETAINS JURISDICTION OVER THIS MATTER, IT RETAINS THE INHERENT AUTHORITY TO RESCIND AND MODIFY INTERLOCUTORY ORDERS SUCH AS DISCOVERY ORDERS AND THE ORDER DISMISSING CHARLES RYAN FROM THE LAWSUIT.**

Plaintiffs concede that because discovery orders and orders to dismiss a single defendant (and in which other defendants remain) are interlocutory in nature, that Rule 60(b) cannot afford the requested relief. However, Plaintiffs are entitled to the requested relief pursuant to this Court's inherent power to rescind and modify interlocutory orders. Plaintiffs do not concede that this requested relief is subject to the 14 day time constraints of a motions to reconsider under the local rule of federal procedure 7.2(g)(2). In 7 Moore's Federal Practice, para. 60.20, p. 60-170, it says: "Interlocutory orders and judgments are not within the provisions of 60(b), but are left within the plenary power of the Court that rendered them to afford such relief from them **as justice requires**." (emphasis added).

This Court's inherent common law power to reconsider, rescind or modify interlocutory orders stems from the common law power and not from any rule of civil procedure and are not accompanied by any deadline. *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). The district courts may review and rescind the denial of a summary judgment motion at any time before a final judgment because the denial of summary judgment is an interlocutory, unappealable order. *Andrews Farms v. Calcot, Ltd.*, 693 F. Supp. 2d 1154, 1165 (E.D. Cal. 2010). Similarly, this Court's orders regarding discovery and dismissal of Charles Ryan are also interlocutory, unappealable orders that can be reviewed by this Court at any time prior to final judgment.

While Local Rule Civ. 7.2(g)(2) states that Motions to Reconsider must be filed within 14 days after the filing of the order in question, the rule also states that there are exceptions to this 14 day requirement based on "good cause." Plaintiffs urge this Court that their Rule 60(B) Motion should be deemed a "Motion to Set Aside" based on this Court's common law power to change its interlocutory orders at any time prior to a final judgment and not subject to any deadline. In the alternative, if this court deems

Plaintiffs' Motion to be a Motion to Reconsider, Plaintiffs have established "good cause" for not filing such motion within 14 days and the motion is therefore timely.

The general rule regarding the power of a district court to rescind an interlocutory order is as follows: "'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. Cal. 2001), *quoting*, Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981) (emphasis added); see also *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (stating that when a district court issues "an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59"); *High Country Arts and Craft Guild v. Hartford Fire Ins. Co.*, 126 F.3d 629, 635 (4th Cir. 1997) (same); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (same).

In *Quinn v. Fresno County*, 2012 U.S. Dist. LEXIS 95411, 5-6 (E.D. Cal. July 10, 2012), the court discussed that the district courts have vast discretion when reversing a previous interlocutory decision. The court stated as follows:

> A district court may reconsider and reverse a previous interlocutory decision **for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law.** *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000). **Nevertheless, a court should generally leave a previous decision undisturbed absent a showing of clear error or manifest injustice.** Id. at 1102. …To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). (emphasis added).

Here, there is good cause to set aside this court's discovery orders and the order dismissing Charles Ryan. It will be manifestly unjust if Plaintiffs are not given the

opportunity to retain an expert, to open up discovery for a limited time, and to reinstate Charles Ryan into the lawsuit so that the case can be properly litigated and resolved. This case has not even been set for trial!  There is no prejudice to open discovery and obtain experts to litigate this matter in the correct way.

Plaintiffs have established significant facts that show excusable neglect, good cause to set aside the orders, that "justice requires" the requested relief, and that it would be "manifestly unjust" if Plaintiffs' requested relief is not granted.  These facts include, but are not limited to:

1. GSD did not discover that Amy Wallace, an attorney with significant experience, was not vigorously prosecuting this case (due to her clandestine competition with GSD) until approximately March of 2013.  GSD filed its Rule 60(B) Motion on May 9, 2013 after it expended significant time and effort in responding to Defendants' Motion for Summary Judgment.

2. Plaintiffs' case is of vast and significant importance as it involves the homicide of a young, black, gay male while incarcerated in the Arizona State Prisons resulting, in part, from an egregious lack of security and supervision in the facility where the murder took place.

3. There will be no prejudice to Defendants to re-open discovery as this case has not even been set for trial.

4. Plaintiffs' Rule 60(b) Motion as well as Plaintiffs' Response to Defendants' Motion for Summary Judgment and Plaintiffs' Controverting and Separate Statement of Facts provide significant and compelling facts showing that the requested relief is necessary and appropriate. These pleadings are incorporated herein by this reference.

5.  Gillespie, Shields, and Durrant at all times acted promptly and reasonably in discovering the neglect of this case by its associate, Amy Wallace, and in seeking this relief.

4

## II. GUIDANCE PROVIDED BY RULE 60(B) FRCP SUPPORTS THE RE-OPENING OF DISCOVERY AND SETTING ASIDE OF THE DISMISSAL OF CHARLES RYAN

As Defendants acknowledge, while Plaintiffs have, after further contemplation, determined that Rule 60(b) does not provide the proper procedural foundation for this motion regarding interlocutory orders, this court should still look to Rule 60(b) for substantive guidance when assessing this motion under the court's inherent power to modify interlocutory orders. *Quinn v. Fresno County*, 2012 U.S. Dist. LEXIS 95411 (E.D. Cal. July 10, 2012), n.2.  As will be seen below, as this court looks to guidance from Rule 60(b), there is good cause to rescind and modify the discovery orders at issue as well as the order dismissing Charles Ryan from this lawsuit.

Defendants ignore the controlling Supreme Court case of *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed 2d 74 (1993).  In *Pioneer*, it is clearly established that "excusable neglect" applies to attorney negligence and not just situations beyond an attorney's control.  Defendants are, therefore, wrong that Plaintiffs cannot claim that the negligence of Amy Wallace in failing to obtain an expert and conduct further discovery can constitute "excusable neglect."  **The determination of "excusable neglect" under Rule 60(b) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."** *Pioneer*, **507 U.S. at 395.**  (emphasis added).  The relevant circumstances in this case must include that Gillespie, Shields, and Durrant (GSD) discovered in March of 2013 that Amy Wallace while managing the litigation was not diligently prosecuting Plaintiffs' case.  GSD then acted reasonably and promptly in diligently responding to Defendants' Motion for Summary Judgment and seeking Rule 60(b) relief. In addition, the *Pioneer* factors include "the danger of prejudice to the debtor [Plaintiff]; the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith." *Id.*

1    Here, Plaintiffs will be extremely prejudiced if they are not permitted to hire and
2 retain an expert; to re-open discovery for a brief time; and to fully litigate this case
3 against Charles Ryan.  Any delay to the case will not prejudice Defendants in any way.
4 This is an important case involving the needless murder of a young black male in Arizona
5 State prison. Plaintiff Kini Seawright, Dana's mother, should not be subjected to
6 additional grief that her son's murder will be counted for nothing.  The State of Arizona
7 had witnesses and statements that detailed who Dana's attackers were, including the
8 name of the individual who ordered the "hit."  Yet the State of Arizona has done nothing
9 to make an arrest or to obtain justice for Dana Seawright's murder.  This is an injustice of
10 the highest order.  Dana Seawright's murder could have been prevented if Defendants
11 had not left Dana Seawright completely unsupervised in contravention of its own
12 policies.  The importance of the case as being "symbolic" is a factor that this court
13 considers in making its decision.  This is so because the determination of "excusable
14 neglect" is "at bottom an equitable one."  Equity requires that discovery be re-opened for
15 a brief period of time so that justice can be served and the truth and all necessary facts
16 can be uncovered.
17    Applying the relevant *Pioneer* factors regarding excusable neglect, this Court must
18 find that the delay has not been significant in the larger scheme of the litigation.
19 Plaintiffs seek additional time for discovery and to retain an expert within a reasonable
20 amount of time.  It should be remembered that Ms. Wallace exclusively was handling this
21 case for GSD.  It was later discovered that she was directly competing with GSD and
22 handling her own cases on the side and that this competition took Ms. Wallace's time and
23 attention away from GSD cases.   GSD first learned of Amy Wallace's improper
24 competition with GSD in December of 2012, it did not learn of the neglect by Ms.
25 Wallace of the Seawright case until later—when it had a chance to catch up on the
26 significant case load and work that accompanied the departure of Ms. Wallace.  Dan
27 Durrant of GSD filed a notice of substitution on March 7, 2013 (Doc. 88) and filed the

1 Rule 60(b) motion just two months later on May 9, 2013 (Doc. 94).  The Rule 60(b)
2 motion was accompanied by a Response to Motion for Summary Judgment that took
3 significant time and effort as GSD has made every reasonable and significant effort to
4 advance Plaintiffs case after it learned that Ms. Wallace was not being diligent in her
5 efforts to represent Plaintiffs.   GSD, therefore, has acted reasonably and in good faith at
6 all times.

The only impact on the judicial proceedings will be to ensure that the truth and necessary facts come to light and the case is fully and fairly litigated. This is the only just and equitable result.  No prejudice to Defendants will result as this case has not even been set for trial.

### III. PLAINTIFFS DO NOT NEED TO SHOW THAT AMY WALLACE "VIRTUALLY ABANDONED" THE CASE IN ORDER TO OBTAIN RELIEF

The appropriate standard in determining whether Plaintiffs should obtain the requested relief: namely, opening up discovery to retain and disclose expert witness testimony and to set aside the dismissal of Charles Ryan from the lawsuit is as stated in *Quinn v. Fresno County*, 2012 U.S. Dist. LEXIS 95411, 5-6 (E.D. Cal. July 10, 2012) where there is "clear error" or where an interlocutory order is "manifestly unjust."  Under the standard of "manifestly unjust," Plaintiffs should obtain the requested relief as this Court has vast discretion given to it by the common law to rescind and modify interlocutory orders.  Given the grave nature of Dana Seawright's murder as set forth in Plaintiffs' Response to Motion for Summary Judgment, it would be manifestly unjust not to permit Plaintiffs to seek justice for Dana Seawright and to permit the true facts and circumstances surrounding his death to come forward.  Furthermore, as this Court is guided by the principles of Rule 60(b) in exercising its common law power to rescind or modify interlocutory orders, the standards of Rule 60(b) as found in *Pioneer* also provide appropriate guidance.  That standard is that whether there is "excusable neglect" is an

equitable decision that depends on all relevant factors.  Contrary to Defendants' argument, there is no requirement that this Court find that Amy Wallace abandoned the case in order to find excusable neglect.

## IV.  Conclusion

Based on the foregoing, Plaintiffs plead with this court to consider the equities of this case, the good cause that exists, and the manifest injustice of not granting Plaintiffs' request to open discovery, to retain an expert to establish the standard of care, and to set aside the dismissal of Charles Ryan from the lawsuit so that this case may be litigated fully and correctly.  As this case has not been set for trial, there is no prejudice to Defendants for granting the requested relief.

Respectfully submitted this  22nd day of July, 2013.

**GILLESPIE, SHIELDS & DURRANT**

**/s/DAN M. DURRANT**
Dan M. Durrant
Attorneys for Plaintiff

## CERTIFICATE OF FILING

I hereby certify that, on July 22, 2013, I electronically transmitted the attached document to the U.S. District Court's Clerk office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to attorneys of record on file for this case.

/s/ Linda S. Dittemore
Linda S. Dittemore