**WO**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kini M. Seawright; *et al.*, | No. CV 11-1304-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona; *et al.*, | |
| Defendants. | |

Pending before the Court is Plaintiffs' Rule 60(B)(1) Motion to Set Aside two Orders of the Court (Doc. 94). Defendants have filed a Response (Doc. 105) and Plaintiffs have filed a Reply (Doc. 111). The Court denies Plaintiffs' motion for the following reasons.

## I.      BACKGROUND

Plaintiffs are the Estate of Dana Seawright and Dana Seawright's mother, Kini Seawright. On July 3, 2010, Dana was an inmate at the Arizona State Prison Complex Lewis ("ASPC-Lewis"). Dana was attacked in his cell by fellow inmates. Correctional Officers found him in his cell bleeding from multiple stab wounds. Four days later Dana died from injuries suffered in the attack. Plaintiffs filed a civil suit against Defendants and ultimately filed a Second Amended Complaint making a federal claim under 42 U.S.C. § 1983 and various state law claims. (Doc. 53). Plaintiffs' state law claims include a claim for gross negligence against Defendant the State of Arizona. (*Id*. at 19).

1    In their pending motion, Plaintiffs request that the Court set aside two prior Orders

2    under Federal Rule of Civil Procedure 60(b)(1).  (Doc. 94).  First, Plaintiffs ask the Court

3    to re-open discovery, and second, Plaintiffs ask the Court to set aside the Order (Doc. 73)

4    dismissing Defendant Charles L. Ryan from this lawsuit.

5    On July 11, 2012, the Court entered an Order on amended stipulation to continue

6    dates (Doc. 59), which imposed the following deadlines:  Plaintiffs' expert disclosure and

7    expert reports were due October 15, 2012; Defendants' rebuttal experts and reports were

8    due October 15, 2012; the parties' rebuttal experts were due on November 15, 2012; and

9    the Court ordered that discovery shall be completed by November 15, 2012.  Plaintiffs

10   did not and to this date have not disclosed an expert witness.  Under Arizona law, an

11   expert witness is required to establish the standard of care for the finder of fact in a gross

12   negligence claim involving a correctional facility like ASPC-Lewis.  *See Porter v. Ariz.*

13   *Dep't of Corr.*, 2:09-CV-2479-HRH, 2012 WL 7180482, at *3-*5 (D. Ariz. Sept. 17,

14   2012).

15   Approximately three months after discovery closed, in February 2013, Defendants

16   filed a motion for summary judgment seeking dismissal of the gross negligence claim

17   because of Plaintiffs' failure to disclose the requisite expert witness.  (Doc. 83 at 16-20).

18   Plaintiffs concede that Arizona law requires an expert witness to establish a standard of

19   care for Plaintiffs' gross negligence claim.  (Doc. 97 at 25).  Now Plaintiffs request that

20   the Court suspend ruling on Defendants' pending motion for summary judgment (Doc.

21   83).  Plaintiffs argue that the Court should set aside the order setting a deadline for

22   discovery (Doc. 59) and re-open discovery for an additional ninety days to allow

23   Plaintiffs the opportunity to find and disclose an expert witness in this case and allow

24   Defendants time for depositions if needed.  (Doc. 94 at 2).

25   In February 2013, this Court also entered an order dismissing Defendant Charles

26   L. Ryan from this case because Plaintiffs' failed to state a claim upon which relief can be

27   granted in their Second Amended Complaint.  (Doc. 73 at 5-13).  Plaintiffs now request

28   that this Court set aside this order dismissing Mr. Ryan from this lawsuit and allow

1    Plaintiffs to further engage in discovery to prove their dismissed claims against Mr.

2    Ryan.  (Doc. 94 at 5).

3    **II.    ANALYSIS**

4            As an initial matter, Plaintiffs have filed their motion to set aside under Federal

5    Rule of Civil Procedure 60(b)(1).  "Rule 60(b) provides for extraordinary relief and may

6    be invoked only upon a showing of exceptional circumstances." *Engleson v. Burlington*

7    *N. R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (quoting *Ben Sager Chemicals Int'l, Inc.*

8    *v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)).   Rule 60(b)(1) is also

9    inapplicable to Plaintiffs' requests.  Rule 60(b) is entitled "Grounds for Relief from a

10   Final Judgment, Order, or Proceeding."  Rule 60(b)'s "Advisory Committee Notes clarify

11   that the adjective 'final' applies not only to 'judgment,' but to 'order' and 'proceeding' as

12   well.  Rule 60(b) does not apply to non-final orders." *Connors v. Iquique U.S.L.L.C.*,

13   C05-334JLR, 2005 WL 3007127, at *7 (W.D. Wash. Nov. 9, 2005) (citing *Santa Monica*

14   *BayKeeper*, 254 F.3d 882, 886-87 (9th Cir. 2001)).

15           This case is still pending.  No final judgment, final order, or final proceeding has

16   been entered nor occurred in this case.  The order setting the discovery deadline (Doc.

17   59) and the order dismissing Mr. Ryan from the case (Doc. 73) were interlocutory orders.

18   Accordingly, Rule 60(b)(1) does not apply.

19           Plaintiffs' sole argument for the Court to set aside its prior orders is based on a

20   finding of excusable neglect.  Plaintiffs explain that this case was initially assigned to an

21   associate, Amy Wallace, at Gillespie, Shields, and Durrant (the "Gillespie firm")—the

22   law firm representing Plaintiffs.  Ms. Wallace was hired by the Gillespie firm in 2011

23   after twenty years of practice in California and an "A" rating from Martindale Hubble.

24   Further, Ms. Wallace was a partner at the firm she left.  Plaintiffs' counsel states that Ms.

25   Wallace "had substantial experience representing clients in '1983' cases and other

26   matters involving claims by inmates or former prison inmates."  (Doc. 94 at 3).  When

27   Plaintiffs' hired the Gillespie firm, this case was immediately assigned to Ms. Wallace.

28           Plaintiffs' argue that excusable neglect is shown because Ms. Wallace continued

to work on cases from her previous firm to the detriment of cases that she was assigned by the Gillespie firm.  Apparently, in late December 2012, the Gillespie firm became aware of Ms. Wallace's conduct, she was fired, and her case load was shared by the remaining attorneys at the firm.  It was not until other lawyers began to review this case that they discovered Ms. Wallace had neglected this case as well and allowed the discovery and disclosure period to expire without retaining an expert and doing necessary discovery.  (*Id*. at 4).  Plaintiffs concede that hiring an expert and doing basic discovery regarding Mr. Ryan's practices and procedures were fundamental in dealing with "the Motion regarding Mr. Ryan" and in having expert testimony to establish standard of care in their gross negligence claim.  (*Id*.).  Plaintiffs argue that this establishes "excusable neglect" sufficient to set aside "the prior order regarding Mr. Ryan and to extend the discovery/disclosure period."  (*Id*. at 4-5).  Further, Plaintiffs state that "[w]ith respect to the order dismissing Charles L. Ryan, Ms. Wallace failed to conduct sufficient discovery to show that Mr. Ryan knew of the substantial risk of harm to inmates in Lewis Prison . . . .," and "Ms. Wallace failed to make any reasonable attempt to engage in discovery that would provide evidence of Mr. Ryan's deliberate indifference."  (*Id*. at 5).

The Court will deny Plaintiffs' motion for myriad reasons.  First, the order dismissing Mr. Ryan (Doc. 73) was entered upon Defendants' motion to dismiss (Doc. 63).  Thus, the Court's Order, Defendants' motion, and Plaintiffs' Response (Doc. 68) were all made without regard to any discovery and were all solely based on Plaintiffs' Second Amended Complaint.  Mr. Ryan was dismissed from this case under Federal Rule of Civil Procedure 12(b)(6) and the federal pleading standard established in *Twombly*[1] and *Iqbal*[2] because Plaintiffs' failed to *plead* sufficient facts alleged under a cognizable legal theory in their Second Amended Complaint.  (Doc. 73 at 5-13).  Extending discovery per Plaintiffs' request would do nothing to remedy the deficiencies in Plaintiffs' Second Amended Complaint which was filed before discovery ever began.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *See Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1    Second, as discussed above in this section, Rule 60(b)(1) does not apply to
2    Plaintiffs' request because neither of the orders at issue were final orders and any
3    argument prefaced on excusable neglect is irrelevant.  However, even if the Court were to
4    analyze the merits of Plaintiffs' argument, the Court would still not find that Plaintiffs
5    have established excusable neglect under these circumstances nor that they are entitled to
6    relief under Rule 60(b)(1).

7    "[P]arties are bound by the actions of their lawyers, and alleged attorney
8    malpractice does not usually provide a basis to set aside a judgment pursuant to Rule
9    60(b)(1)."  *Casey v. Alberston's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004).  Even if the
10   allegations against Ms. Wallace are true it would not establish grounds to set aside under
11   Rule 60(b)(1).  *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir.
12   2006) (no relief under Rule 60(b)(1) based on an attorney's innocent, careless, or
13   negligent mistakes, or even based on an attorney's intentional misconduct).  Where a
14   party is aggrieved by his or her attorney's negligence, such claim is addressed through a
15   malpractice claim as opposed to relief under Rule 60(b).  *Latshaw*, 452 F.3d at 1101
16   (attorney's errors are "more appropriately addressed through malpractice claims" and not
17   a Rule 60(b)(1) motion).

18   Third, the Court would still not grant Plaintiffs' motion even if Plaintiffs' requests
19   were analyzed under the proper standard.  Plaintiffs' motion is effectively a motion for
20   reconsideration.

21   The Federal Rules of Civil Procedure do not recognize a
22   "motion to reconsider." A litigant subject to an adverse
23   judgment may file either a motion to alter or amend the
     judgment under Rule 59(e) or a motion seeking relief from
24   the judgment pursuant to Rule 60(b).  Fed.R.Civ.P. 59(e),
25   60(b).  However, these rules only provide relief from
     judgments that are "final, appealable orders." *United States*
26   *v. Martin*, 226 F.3d 1042, 1048 n. 8 (9th Cir. 2000).

27

28

*Campbell v. Fernando-Sholes*, CV 05-0880-PHX-SMM, 2009 WL 2030561, at *3 (D. Ariz. July 9, 2009).  This court has adopted the following standards on which motions for reconsideration will be granted for interlocutory orders:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened after the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.
>
> No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003). While Plaintiffs have not attempted to meet any of these factors, the Court finds that given the facts that Plaintiffs have proffered there is still nothing that fulfills these factors.

Finally, Pursuant to Local Rule 7.2(g), "[a]bsent good cause shown, any motion for reconsideration *shall* be filed no later than fourteen (14) days after the filing of the Order that is the subject of the motion."  LRCiv 7.2(g)(2) (emphasis added).  The Order dismissing Mr. Ryan was filed on February 6, 2013.  (Doc. 73).  Computing time in accordance with Federal Rule of Civil Procedure 6(a), means that Plaintiffs had until February 20, 2013, to timely file this motion for reconsideration of that Order.  However, Plaintiffs filed this motion on May 9, 2013, seventy-eight (78) days after the February 20 deadline and ninety-two (92) days after February 6, 2013 Order which Plaintiffs are seeking to have this Court reconsider.  According to Plaintiffs, counsel became aware of Ms. Wallace's neglect in late December 2012—over two months before the Order was

1    entered.  Plaintiffs have not included a statement of good cause for the delay in filing

2    their motion for reconsideration.  Thus, the Court also finds that this motion is not timely.

3        With regard to Plaintiffs' motion to set aside the Court's discovery deadline order,

4    the Order was entered on July 11, 2012 (Doc. 59), discovery ended on November 15,

5    2012, at the latest Plaintiffs were aware of the need for additional discovery in late

6    December 2012 when they discovered Ms. Wallace's neglect.  Even if the Court were to

7    disregard how to calculate time under Rule 6(a), Plaintiffs filed their motion to reconsider

8    over four months later.

9        To be sure, Rule 60(b) allows a longer time frame for reconsideration motions

10   than does LRCiv 7.2.  Under the Rule 60(b), reconsideration motions "shall be made

11   within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the

12   judgment, order, or proceeding was entered or taken."  Fed. R. Civ. P. 60(b).  However,

13   as discussed above, Plaintiffs cannot avail themselves of the longer time frame in which

14   to file such a motion under Rule 60(b) because the orders which they are seeking to have

15   this Court reconsider are interlocutory in that no final judgment has yet been entered in

16   this case.  Stated somewhat differently, the Court's discover deadline order and February

17   6, 2013, Order did not "end[ ] the litigation on the merits and leave [ ] nothing for the

18   court to do but execute the judgment."  *See Catlin v. United States*, 324 U.S. 229, 233

19   (1945).  Quite the contrary, as is evidenced by the Defense's pending summary judgment

20   motion there are a host of issues which the court must resolve before entering a final

21   judgment in this action.

22       Plaintiffs are essentially asking the Court to allow them to go on a proverbial

23   fishing expedition in order to find facts against Mr. Ryan that would first enable them to

24   plead a proper claim and subsequently allow them to support that claim, and to further

25   allow them to find an expert to establish their state law gross negligence claim.  The

26   Court declines to assist Plaintiffs in this endeavor at both the Court's and Defendants'

27   expense after giving Plaintiffs' ample time for discovery already.

28   //

III.   **CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Rule 60(B)(1) Motion to Set Aside (Doc. 94) is denied.

Dated this 16th day of August, 2013.

James A. Teilborg
Senior United States District Judge