**Dan M. Durrant #001763**
**GILLESPIE, SHIELDS & DURRANT**
7319 N. 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Facsimile:  (602) 870-9783
ddurrant@gillaw.com
ldittemore@gillaw.com
*Attorneys for Plaintiff*

Send Court Documents to:
mailroom@gillaw.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kini M. Seawright; *et al.*, <br><br> Plaintiff, <br><br> vs. <br><br> State of Arizona, *et al.*, <br><br> Defendants. | **Case # CV 11-01304-PHX-JAT** <br><br> **PLAINTIFFS' SUPPLEMENT TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Kini Seawright and the Estate of Dana Seawright (hereinafter referred to collectively as "Plaintiffs"), by and through undersigned counsel, hereby supplements their Response to Motion for Summary Judgment with a very recent decision from the 9th Circuit Court of Appeals that is very pertinent to the case at hand. The case is *Lemire* v. *California Dep't of Corrections and Rehabilitation*, No. 2013 U.S. App. LEXIS 16317, No. 11-15475 (9th Cir. August 7, 2013). *Lemire* is a § 1983 action and 14th Amendment substantive due process action brought by the surviving family members of Robert St. Jovite who died by suicide when he was a prisoner in the California State Prison at Solano. The 9th Circuit in *Lemire* held that the Plaintiffs had sufficiently established questions of fact to withstand summary judgment against some of the defendants on both

the § 1983 claim and the 14th Amendment substantive due process claim due to the defendants' (1) failure to protect and supervise and (2) failure to render medical care.

1. **<u>Factual Similarities</u>**

There are many similarities between *Lemire* and this case.  For example, in *Lemire*, the warden and captain of the Solano facility held a staff meeting that resulted in the removal of all floor officers for 3 ½ hours from the building where St. Jovite was incarcerated.  The building still had an officer present in the control booth.  During the 3 ½ hours in which the floor officers were gone, St. Jovite committed suicide.  In this case, the Defendants (allegedly because of short staffing and contrary to the Stiner unit's own policy) left Dana Seawright unattended and unsupervised for an extended period of time through the "collapsing" of an entire building – leaving the entire building where Seawright was located completely unsupervised.  During this period of no supervision, Dana Seawright was murdered.

Another similarity is that St. Jovite was mentally ill and housed in a building for mentally ill inmates.  This created an additional risk of harm to him being left unsupervised.  Similarly, inmate Seawright was particularly vulnerable because he had just been the target of an attack the day before his death because of his homosexuality. He was not removed from the building where the attack occurred, and was merely changed to a different pod in the same building.

In addition, St. Jovite was not given CPR by the two prison personnel who found him.  The court found this established deliberate indifference and held that a reasonable jury could find a violation of § 1983 for failure to provide medical care. Similarly, Seawright was not ever given CPR or medical care for at least 8 minutes after he was discovered (in contravention of Stiner policy).  The only medical care he received was to apply pressure to his stab wounds. Tellingly, the 9th Circuit Court of Appeals in *Lemire* found that the prison guards should have given St. Jovite CPR even though Defendants argued that St. Jovite would not have survived or benefitted from CPR.  The court noted

that "a jury could reasonably determine that St. Jovite was alive and capable of being revived if CPR had been timely provided by [the prison guards]".  *Lemire*, * 39.

### 2. <u>Legal Standards in *Lemire*</u>

*Lemire* sets forth some important legal standards applicable in this case as follows:

- "In a failure to protect claim, an inmate satisfies the 'sufficiently serious deprivation' requirement by 'showing that he is incarcerated under conditions posing a substantial risk of serious harm.'"  * 21 [citations omitted].

- "The objective question of whether a prison officer's actions have exposed an inmate to a substantial risk of serious harm is a question of fact, and as such must be decided by a jury if there is any room for doubt."  * 21.

- "Inadequate staffing can create an objective risk of substantial harm in a prison setting that is sufficient to satisfy the objective prong of the deliberate indifference test."  * 21-22.

- The subjective inquiry of deliberate indifference involves two parts: (1) Plaintiffs must demonstrate that the risk was obvious or provide other circumstantial or direct evidence that the prison officials were aware of the substantial risk of harm to the inmate; and (2) Plaintiffs must show there was no reasonable justification for exposing the inmates to the risk.  * 26.

- "'Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"  * 26, citing, *Farmer*, 511 U.S. at 842.

- "Failure to provide CPR or other life-saving measures to an inmate in obvious need can provide the basis for liability under § 1983 for deliberate indifference." *35.

Respectfully submitted this 16th day of August, 2013.

**GILLESPIE, SHIELDS & DURRANT**

s/Dan M. Durrant
Dan M. Durrant
Attorneys for Plaintiff

**CERTIFICATE OF FILING**

I hereby certify that, on August 16, 2013, I electronically transmitted the attached document to the U.S. District Court's Clerk office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to attorneys of record on file for this case.

/s/  Linda Dittemore
Linda Dittemore